Good morning, your honors. Excuse me, good afternoon, your honors. May it please the court. Counsel, I'm Mark Fisher with the Appellate Defender's Office, and I'm representing the defendant, in this case, Brian Patterson. Mr. Patterson was convicted in a jury trial of burglary. Specifically, the jury found that on August 25, 2013, he entered an RDS without authority and with the intent to commit theft. This was a Class II burglary, but because of older, prior convictions, he had to receive a Class X sentence, and in fact was sentenced to the Department of Corrections for a term of 21 years. Four issues are raised on appeal. The first three issues ask this court to reverse his conviction and to remand the cause for a new trial. He seeks this relief in issue one, because the judge abused his discretion when he refused to continue the trial to afford the defendant a substantive hearing and a substantive ruling on his motion to suppress evidence. Did the defendant ask for a continuance? He didn't specifically ask for a continuance, but I would submit to your honors that it was apparent that in order to hear the motion to suppress, and the prosecutor informed the judge that they couldn't proceed on the motion to suppress that morning because the key witness was in Washington, D.C. for training. And so for the motion to be heard, the only alternative was that the trial be continued because the trial was scheduled for that morning. And the defendant's witness wasn't there either. There were two potential witnesses. One was a civilian, one was an FBI agent. Neither individual was present that morning. The FBI agent, because he had another commitment out of state, could not testify. And so the only alternative here was for the case to be continued, despite the fact that counsel didn't specifically request a continuance, but he certainly did request a hearing on the motion and never withdrew the motion to suppress. Now, the defendant also seeks a new trial in issue two, because the judge precluded the defendant during his testimony from explaining why he engaged in certain conduct based on what he had heard from a third person. The judge ruled this would be inadmissible hearsay. The defendant submits this testimony, in fact, would have been admissible to explain his state of mind and why he acted as he did. And what would he have testified to had he been allowed to testify? Well, unfortunately, an offer of proof was not made. And that's a good argument, isn't it? Excuse me? That's just fatal. That resolves that issue right there, doesn't it? Certainly, counsel should have made an offer of proof. The judge could have asked for an offer of proof. He didn't. I think it was apparent from prior proceedings at least what the gist of that testimony would have been. He was trying to explain, basically, that he believed he was being investigated and surveilled by law enforcement, particularly by the FBI. You mentioned earlier this second witness who was referenced at the aborted hearing on the motion to suppress, but who did not show up in trial. And there was an offer of proof made then that she would have testified that an FBI agent had asked her to telephone the defendant and to allow him to listen in on their conversation. So I think that's probably what he would have said had he been allowed to do so. And had that witness, that lady, come and testify to that, where exactly would that have gone? That's a far cry from putting a recording device or app on his phone. Well, they're two separate things. There's no question about that. It was alleged in the motion to suppress that there must have been a special application placed on his phone in order to allow her to record a two-way conversation. Different from just a voicemail, this was a two-way conversation between the owner of the phone and his girlfriend. And so he alleged there must have been a special application. He didn't put it on the phone, so it must have been a third party. The allegation was the FBI agent. Presumably the FBI agent would have shed light on this had he been present to testify at the hearing on the motion to suppress, but that didn't happen. In the third issue, the defendant also requests a remand for a new trial because the judge agreed with the prosecutor to give two jury instructions, which the defendant submits did not apply in this case and which tended to undermine the credibility of a witness who corroborated the defendant's denials. And finally, in issue four, the defendant asks this court alternatively for sentencing relief, either a reduction of his sentence or a remand for a new sentencing hearing based on improper considerations by the judge in imposing the sentence. In argument today, I'd like to talk about the issue involving the motion to suppress, issue one. In time permitting, I'll talk just very briefly about the sentencing issue as well. At the tail end of the week prior to trial, defense counsel filed a motion seeking to bar this recording from being played for the jury, again arguing that a special application must have been placed on the phone. He himself didn't do it. He had reason to believe it was law enforcement, and the allegation further was made that that was done without legal authority and therefore alleging a Fourth Amendment violation seeking to suppress the recording. The judge said he would hear that motion on the morning of trial. Well, as we've discussed, when the parties reconvened in court on the morning of trial, the prosecutor told the judge that the defense had disclosed to the prosecution this FBI agent who apparently had information about the placing of the application on the defendant's phone, but the FBI agent was out of town, so the prosecutor said he could not proceed with the hearing that morning. The judge then summarily denied the motion, finding it to be untimely and finding that there was no evidence to support it. The case then proceeded to trial. The recording was played. The defense counsel had something to say during all this, right? That's when he said, well, I've got this woman who said what you just said, and she isn't around either, and she would say that she was approached by an FBI agent to call him so he could listen to the conversation. Right. And he told the court that that was going to be his evidence, his witness. Well, I think he was hoping that there were going to be two witnesses, the woman who would say yes, that the FBI agent had approached her, and then this FBI agent who was in Washington, D.C. Now, the judge asked defense counsel, the second witness, a female friend of the defendant's, would she have any knowledge about the placing of the application on the cell phone? He said no, she would have no knowledge about that. It was only the FBI agent who could testify about that. And that's when the judge said, well, I'm just, I'm not going to, we're going to proceed to trial. I'm dismissing or denying this motion as untimely, and because you haven't presented sufficient evidence to support the motion. And so, of course, ultimately the recording was played for the jury, and the defendant was convicted. Now, the defendant suggested this was an abuse of discretion on the judge's part, not to continue the trial, not to afford him a substantive hearing and a substantive ruling. Now, Illinois courts looked at various factors in deciding, has the judge abused his discretion in denying a continuance? And again, although admittedly counsel didn't specifically ask for a continuance, I think it was clear to all the parties involved, in order for this motion to be heard, the trial had to be continued, because, of course, you don't have the trial and then have the motion. The motion has to come first. Well, I was just, have you got any cases that says a judge abuses his discretion for denying a motion that was never made? Well, there's no question a motion was made. The problem was it wasn't heard, and it wasn't substantively decided. I'm saying that, hey, I'm talking about the motion to continue for denying. Well, you know, we can elevate form over substance and say, well, there was no motion to continue, so you lose end of story. Again, I think it was very clear to all the parties. Once the prosecutor said to the judge, the key witness isn't here. He can't be here to testify this morning. At that point, there were only two possibilities. One possibility was that you continue it to a time where the agent can come in and testify and you have your hearing, and then if the motion is still denied, then you proceed to trial. Because if it's not denied, the state has no other evidence against the defendant. The alternative is you skip over the motion or you're summarily denied, as the judge did, and you proceed to trial. Those are the only two alternatives, because it's not a situation where the trial was going to take place, you know, the following week or what have you. It was scheduled for that morning. And so if the motion couldn't proceed that morning, then the only alternative is you continue until it can proceed or you don't. And here the judge decided not to. And, again, you can say, well, he should have specifically asked for continuance. Yeah, I suppose he should have, but I think it's clear that, in the end, that's what the judge was faced with, and he decided not to continue it. He decided to forge ahead and try this case. Now, in deciding whether a judge abuses his discretion, denying a continuance, courts looked at different factors. One is the seriousness of the case. Clearly, this was a serious case. It was a Class II burglary, but, again, he had to receive a Class X sentence, and he's currently doing 21 years. Courts looked to whether the defendant exercised diligence in bringing the motion or diligence in terms of has the case previously been continued and has it been continued at the request of the defendant. The record here shows several continuances of the trial date, but most of those continuances were jointly requested by the defense and the prosecution because while the defendant was facing this burglary charge in Peoria County, he was also facing burglary charges in Tazewell County. Now, for whatever reason, it's not clear. The parties in Peoria expected that the Tazewell case would go first, and that was one of the reasons for the prior continuances. In the end, Tazewell didn't want to go first. Peoria went first. But secondarily, the attorneys in Peoria wanted to see information uncovered by the authorities in Tazewell. For whatever reason, the authorities in Tazewell were less than diligent in sharing their information with the attorneys in Peoria. In fact, during these pretrial hearings, the judge himself remarked several times that he was frustrated with the conduct of the authorities in Tazewell. And so I would submit to the court that although the case had been continued several times, it certainly wasn't the defendant's fault, and the filing of this motion at the last minute was not the defendant's fault either. Thank you. The court also considered whether there was prejudice or inconvenience to the state if the case is continued, and there's no indication of that here. In fact, the week prior to the trial, the prosecutor himself asked to continue the trial because one of his witnesses, not the FBI agent but somebody else, who he wanted to call in this case in chief, was out of town. The judge said, well, we're going to try this case and requiring the state to fly the witness in town to testify and then back out of town. And on the morning of trial when the prosecutor said the FBI agent's not here so we can't proceed with this motion, he didn't say summarily deny it. He didn't say it's untimely. He didn't say, oh, we've got to go to trial. He didn't say my witnesses are here. I'll be prejudiced. Nothing of the sort. It was solely the judge who was intent on getting the case tried that day. I would submit that there was no good reason for him not to continue the trial for a reasonable period of time until the agent can come in and testify, and there can be a substantive ruling on the motion. And I would finally point out, it's in the record, it's in the brief, but at the post-trial motion stage, the judge himself said, if the defense is correct, if this application was placed on his phone by law enforcement without prior authorization, this would be a serious violation of the defendant's rights that, in comparison, would make the strugglery at the Arby's look like a jaywalking. And the final thing, and I alluded to it before but just very quickly again, this conversation was the only evidence tending to tie the defendant to his defense, no other evidence whatsoever. So it was important for the judge to hear and substantively rule on the motion. Let me ask you this. So the judge continues the trial without a motion, and then we get into a speedy trial issue, then? Well, I think certainly the judge could say, well, Mr. Patterson, you have a right to a speedy trial. Are you surrendering that right? And, again, this motion was a best defense because it was the only evidence against him. I'm sure he would have surrendered it. I certainly don't think the judge could have protected himself and protected the record. Well, is that a trial judge's job? Again, on the record here, it was implicit that that was the only alternative. I can't hear the motion today. There's no way we can hear the motion today because the keyword is out of state. And so you either continue it or you go to trial. If he chose to go to trial, he chose not to continue it. That was the only alternative. I mean, it's—I mean, your Honor, as an experienced jurist, an experienced trial attorney, I mean, there are only two alternatives. It's not that complicated. It was implicit on the record that this was the option, and the judge decided he didn't want that option. He wanted to try the case. Even when nobody was screaming to try the case, he was going to get that case tried, and he did. And later at the post-trial motion stage, when the counsel brought this up as an abuse of discretion, the judge said, well, we had a motion sort of, but nobody really came forward. Yeah, nobody came forward because he wished he was to continue it for a time where they could come forward. And I think that's just clearly an abuse of discretion. And as a result, Mr. Patterson would respectfully ask your Honors to send this case back for a new trial. Thank you, Your Honors. Mr. Arado. Thank you, Your Honor. Good afternoon, Your Honors. Counsel. May it please the Court. Mr. Arado, on behalf of the people, I would point out, as we pointed out in our brief, that there was no request for a continuance. The counsel was there. He could have said, well, Your Honor, we need to continue for this hearing. Instead, he made a proffer of what his witness would have supposedly said, and it had nothing to do with an application. What the prosecutor said was, on Friday, I was told by defense counsel that there was a witness who said that the FBI wanted them to put this application on the phone of the defendant. Except when we get to the hearing and the judge asks, hey, what is about this witness? The defense counsel says, oh, actually, I didn't ask this witness anything about the application. So what's the FBI agent? What the reliance of the prosecution was on the representation that this witness said that this FBI agent was wanting to put this application on the phone. But then the defense counsel admits to the trial judge, I actually don't know anything about the application. It was essentially a fishing expedition at that point. So without a request for continuance, the trial judge says, hey, in addition to this being untimely, based on the proffer that you have made, I am denying this motion. So it wasn't simply a we're not going to hear this motion. Defense counsel made a representation of what was supposedly going to be presented. Nothing about the application, which was the basis of what they're claiming is the problem. The FBI agent, there's no representation of the FBI agent, actually knew anything about this, other than through this supposed witness, which the witness doesn't know anything about it. So there was nothing that we're hearing about beyond what was already proffered,  And since there was no motion to continue, it probably continued on. And then the defense counsel was asked, are we ready to proceed? And the defense counsel said, yes, we are. And there we go. Now, if you want to look at it, as you just pointed out, there's no cases that say the judge uses discretion in not granting a motion that was never asked for. Again, no motion to continue as asked for. Briefly touching on the other issue that was discussed about the hearsay. There was no proper offer of proof of the evidence. Supreme Court has again recently reiterated that if you don't have an offer of proof, you don't have any preservation of that issue. For the other issues that are otherwise not argued, we stand in our brief. If there's no other questions, I will respectfully ask this court to affirm. I think the main goal, or maybe I should say one of the goals, but certainly it's oftentimes said by revealing courts in this state and probably throughout the country that one of the goals of the criminal justice system is to, or the goal of any trial, I should say, not just the criminal justice system. But the goal of the trial is to find out what happened, to get at what happened. With a burglary charge like this case, of course, one question is, okay, did this defendant commit the burglary? Another question is, okay, the evidence that was presented, was it correctly presented? Was it admissible? Was it obtained consistent with the defendant's rights or in violation of the defendant's rights? Here the defendant brings a claim prior to trial, says this evidence, which is really the only evidence against me, was obtained by the police in violation of my rights. But it's just a bold, he's got this motion, and the motion says, hey, the FBI stuck this thing on my phone. And I'm going to bring in a witness. Well, what's the witness going to say about the application? What am I going to say to him about the application? Because he doesn't know squat about that. But I ought to get a continuance of this trial to bring her in to say this. It's got nothing to do with the application. But it's not just her. It's the FBI guy. Well, he didn't call the FBI. The state was going to have the FBI guy there, I guess. But he didn't call the FBI guy. Well, the FBI guy is in Washington, D.C., so he can't come in and testify that morning. My notes on the record, and Your Honor's had the record, so I'm sure you will find me in the decision if I'm wrong about this, but my notes on the record show that when the prosecutor, the morning of the scheduled trial day, said that the agent's in Washington, D.C., so he can't proceed with the hearing on this motion this morning, he specifically said that the defendant claims that this FBI agent either had knowledge about or specifically requested that the application be placed on the phone. Now, that's just a representation. Obviously, the witness has to come in and say yes or no, or yes, but. I had authorization, or no, it's crazy, it didn't happen, whatever the case may be. But this is a serious allegation. Again, the judge recognized as much at the post-trial motion hearing, saying this is very serious. If it's true, that's worse in comparison to the spurgling. Now, we can debate that, I suppose. But under these circumstances, the judge has to get to the bottom of it. Okay, we have a witness. It's one thing that the defense says, you know, this is what I think, but I have absolutely nothing to substantiate my claim. Now, then what can a judge say other than I'm sorry you lose? But there's this witness out there who apparently has knowledge about it, but he just came through that morning. Get to the bottom of it. Find what happened. Again, the prosecutor's not screaming, you know, we've got to go to trial this morning, I'm going to be prejudiced if we don't. Again, the prosecutor himself the week before asked for a continuance. So get to the bottom of it. I'm sure it was not going to be in Washington for six months. At this stage of the game, can't that be explored in post-conviction proceedings? Gee, my lawyer was ineffective. Well, that would be an alternative. You kind of get back to the same point, though, is scheduling a hearing, one not just remanded, say, you know, okay, give these guys a chance to hear this motion. Well, no. See, if we affirm, he can file a post-conviction petition, correct? He could. He could. And then there's no need for another trial if the stuff turns out to be as spurious as it looks from here. And if it's not as spurious, if there is some teeth to this, then they can go back and do another trial. He certainly could do that. At the same time, I don't think this court has the authority to do it. And to send a message to the judiciary in Illinois, the trial courts in Illinois, yes, it's a discretionary call, but when we're dealing with potentially a very serious constitutional violation and the key evidence in the case, yes, it's important to move your case law, but it's also important to get to what really happened and to give both sides a fair trial. And here, I don't think that happened. So we're going to get continuances every time somebody declares the FBI wiretapping. Well, what's the proof of that? Well, somebody said something. You know what I mean? That's the other side of that. Well, again, there's a potential witness. It's not like he's saying, well, this is what I think, but I have nothing to substantiate that. That would be a very different case. He's saying, this is what I think. This is the woman who told me, you know, something pointing in that direction. And again, it was the defense who disclosed this FBI agent witness to the prosecution. So let's find out what the guy has to say. If he doesn't substantiate the claim, the motion is denied, it's put to rest, that's the end of it, you go to trial. But if the FBI agent says, yeah, I put it on, or I don't. What do you think the likelihood of that is? Then you would have a totally different outcome. You don't go to trial. My client's been sitting in prison for 21 years. So I think it's a clear case of discretion for the judge to say, well, you filed a motion. It's serious. Well, with that, I won't go to trial. And your witness is out of town, so we're going to trial. I won't hear the motion. That, I think, is an application of the judge's responsibility under the facts of this case. And as a result, the defendant respectfully asks this court to amend the cause for a new trial. For this reason and other reasons, Issues 2 and 3 were sentencing relief as requested in Issue 4. Thank you, Your Honor. Thank you, Mr. Krishnamurti. Thank you both for your arguments today. We will take this matter under advisement. In fact, it was a written disposition within a short time. We will now take, I guess, a turn for the day and see you tomorrow. Good night.